## TRAUTWEIN v. McKINNON et al.

1. A mortgagee of personal property, although not a party to the suit in which a receiver of the property was appointed, must, if he becomes a purchaser of the property at a public sale of it made by the receiver under a judgment or decree, and pays up the amount of his bid, assert his mortgage lien upon the proceeds of the sale in order to have any valid claim against the receiver therefor.  If he neglects to assert his claim until after the whole fund has been distributed to other creditors and the receiver duly discharged, he comes too late, whether the receiver knew of the mortgage or not.

2. On the facts as set out in the bill of exceptions, the judge did not

err in not granting any order to, or judgment against, the receiver. Nor did the judge err in not rendering judgment in favor of the mortgagee against the mortgagor for the debt, as in the petition claimed, the petitioner at the hearing not asking any such judgment and stating that he wanted only a judgment against the receiver, this latter being all that was asked for and all that was refused.                        *Judgment affirmed.*

October 1, 1892.

Mortgage lien. Receiver. *Laches.* Practice. Before Judge GOBER. Cobb superior court. November term, 1891.

Under a creditors' bill, brought to the March term, 1891, of Cobb superior court, by various creditors of McKinnon, Trautwein not being a party, one Boone was appointed receiver. Afterwards during that term, by consent of all parties the receiver was ordered to sell the entire distillery and plant of the defendant, consisting of land, etc., at public outcry to the highest bidder for cash, on April 30, 1891, after advertising in certain newspapers and otherwise, the realty and fixtures to be sold free from all liens, the liens upon the same being preserved and to attach to the proceeds. The personalty or any part of the fixtures upon which there were separate liens, or reservations of title, was ordered to be sold separately and a separate account of the proceeds kept, said property to be sold free from all claims against the same, and the liens and rights of the parties to attach to the proceeds of the property, etc. Thereafter at the same term, by consent of parties, the case having been submitted to the court, it was adjudged that the fund should be distributed as directed in said judgment, $450 being paid to the receiver. This judgment directed a distribution of the entire fund. In it no mention was made of the claim or mortgage of Trautwein. The receiver submitted a report to the court of the sale and distribution of the entire proceeds, and his report was examined, approved and ordered of record, and he was ordered discharged by the presiding judge. In his

report he stated that he had received from Trautwein $200 for a three hundred gallon copper still, and $200 for a six hundred gallon copper still.

Afterwards Trautwein brought his petition to the November term, 1891, in which he set up, among other things :   He was not a party to the proceedings mentioned, but before and during the time held two promissory notes of McKinnon, amounting to $815, given for the balance of purchase money of two copper stills and fixtures sold by him to McKinnon, and also as security for the notes and chattel mortgage on the stills and fixtures, duly attested and recorded in Cobb county. He attended the receiver's sale with knowledge of and consent to its terms.   He publicly announced at the sale his possession of the lien on the stills and fixtures. He bought the stills and, knowing that under the terms of the sale his lien would attach to the proceeds thereof, paid for them $400, their full value in their then condition.   He demurred to paying the money to the receiver, but was assured by him it would be all right, that he (Trautwein) would get all of said money back, but that it was necessary for it to pass through the receiver's hands.   Shortly thereafter he went to Europe, and did not return until September, 1891, when, upon calling upon the receiver for the $400, he was informed that during his absence the consent order had been taken, directing the distribution of the funds.   The receiver had both actual and constructive notice of the existence of petitioner's lien, and it was the duty of the receiver, under the direction of the court, to protect the interests of all the creditors of McKinnon ; but the receiver, notwithstanding the notice, knowingly, wilfully and wrongfully withheld from the court all knowledge of petitioner's lien at the time the consent order was applied for, thus excluding petitioner from sharing in its benefits, and appropriating, out of a total amount of

about $4,800, the sum of $450 receiver's and $225 attorney' fees. Under the order of sale petitioner's lien attached by decree of court to the proceeds of the stills, and the receiver holds said proceeds in trust for petitioner. The consent order of distribution, obtained by the receiver through deceiving the court as to petitioner's lien, did not and could not divest his rights acquired under the order of sale, but the receiver held the proceeds of the sale of the stills subject to petitioner's lien as directed by the order of sale. Any payment by the receiver in conflict therewith was a voluntary deposit at the receiver's risk; the payees took the proceeds with full notice of petitioner's rights; and the receiver still holds the proceeds subject to petitioner's lien. There is no record, and hence no notice to petitioner, of the account and discharge of the receiver; and petitioner had no notice of the application for passing of account and discharge of the receiver, if any was made. The petition prayed that Trautwein be made a party to the case; that an order be directed to the receiver restraining him from paying out any of the funds in his hands, and calling upon him to show cause why said order of distribution be not opened and he be required to discharge the amount of petitioner's lien, less his share in the proper costs of the proceeding; that the judge cause due summons and notice to issue to such as in his discretion might seem necessary; that the mortgage be set up, the lien thereof on the proceeds above mentioned be established, and a general judgment be given petitioner against McKinnon for the residue of his debt not discharged out of the proceeds. Service of the petition was made upon the receiver and McKinnon, and upon certain attorneys, but what creditors were represented by these attorneys does not appear.

Upon the hearing (which the bill of exceptions states was during a term of the court on a rule *nisi* granted at chambers, the same being a chambers matter though heard in term time), Trautwein testified: He bought the stills at the sale. He had counsel, he thought, to represent him there, but not generally. He conferred with him about his claim that day (the day of the sale), and got him to give notice of his mortgage. His bid for the stills was the highest; he paid for them $400, and is yet in possession of them. He demurred to paying to the receiver the amount of his bid, but was assured by the receiver that he (witness) would get it back. Witness had no notice of the pendency of the motion to distribute the funds in the hands of the receiver, and was absent from the country at the time of the passage of the order of distribution. He had notice of the pendency of the litigation, but paid no attention to it. He introduced the order of sale, the order of distribution and the report of the receiver, the report being dated August 1, 1891.

The receiver testified: He sold the property under the order. Before the sale he sent Trautwein a copy of the circular advertising the sale. He did not talk to the lawyers about the creditors at any time. The creditors not parties to the bill were not discussed by the lawyers in his presence before the order of distribution, nor was the status of creditors discussed out of court in his hearing. Trautwein did not tell him of Trautwein's mortgage on the day of and before the sale, nor was any notice given on that day. He did not know of Trautwein's mortgage before the passage of the order of distribution. Did not tell Trautwein he would get his money back. Several letters passed between him and Trautwein with reference to the payment of Trautwein's bid, but he did not get the same until he had threatened to advertise and resell the property. He

has paid out all the funds in accordance with the order of distribution.

There was further evidence to the effect, that counsel in the case did not discuss Trautwein's claim before the order of distribution, and did not discuss creditors not parties to the case; and that no notice was given, on the day of sale, of Trautwein's mortgage.

The judge passed an order as follows: Trautwein's petition that he be made a party has been allowed. It appears that months ago, previous to the order making Trautwein a party, a decree was had distributing all the money to creditors who were parties to the bill; that the receiver has no funds in hand now; that the former order disposed of all the assets of the estate, and the receiver was fully discharged under order of the court; that Trautwein had knowledge of the litigation, and bought at the receiver's sale the property upon which he claimed the mortgage. He insists that at this sale he gave notice of the mortgage. It appears that all the parties to the original proceedings have not been served with this proceeding and motion on the part of Trautwein. The court declines to make the order requiring the receiver to pay the amount of Trautwein's claim. The receiver has complied with the order of the court, and that was all he was required to do. Parties must look after their own interests; they cannot stand off and expect any one else to do it.

The bill of exceptions states that, in reply to a question of the court, counsel for Trautwein stated that all they insisted on, after making Trautwein a party, was an order to Boone to pay over the full amount of Trautwein's claim. It is alleged that the court erred in not granting judgment in favor of Trautwein against McKinnon for the full amount of plaintiff's debt as in the petition claimed, petitioner at the time not asking any order and judgment, and stating that he wanted

only a judgment against Boone, which was all that was asked for and all that was refused. Also, that the court erred in not ordering the receiver to pay over to petitioner the $400; in not giving judgment against the receiver for his *pro rata* share of the $400, which he held in trust for petitioner, which judgment was not asked nor insisted on at the hearing; and in disposing of the case contrary to the law, equity and evidence.

Kontz & Conyers, for plaintiff.

W. R. Power and Rosser & Carter, for defendants.